**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Lewis Hobson, ) | No. CV 07-1318-PHX-SMM |
|      Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| Temple-Inlet, ) | |
|      Defendant. ) | |

Currently pending before the Court is the Motion to Dismiss filed by Defendant TIN, Inc. dba Temple-Inland (hereinafter "Defendant" or "TIN"), erroneously named in the Complaint as "Temple-Inlet." TIN moves to dismiss the Complaint filed by Plaintiff Kevin Lewis Hobson (hereinafter "Plaintiff") under Federal Rule of Civil Procedure 12(b)(1), for failure to meet two of the three mandatory pleading requirements of Federal Rule of Civil Procedure 8(a). First, TIN contends that Hobson failed to provide a short and plain statement showing that Plaintiff is entitled to relief, sufficient to put Defendant on fair notice of the claim being asserted; and second, he failed to provide a statement of this Court's jurisdiction to hear the claim. Alternatively, TIN moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

## **Background**

TIN operates a corrugated box facility in Phoenix, Arizona. Plaintiff filed a pro se Complaint in this Court against Defendant on July 9, 2007, and the United States Marshall

served the Summons and Complaint on Defendant on September 12, 2007. With the exception of naming "Temple-Inlet" as the defendant in the caption of the Complaint, the Complaint does not otherwise mention "Temple-Inlet," Temple-Inland, or TIN. In other words, Plaintiff has neither made a single factual allegation against TIN, nor articulated any legal theory of recovery.

## **Standard of Review**

Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). A complaint may not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). If as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, under Rule 12(b)(6) a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *See Neitzke*, 490 U.S. at 327. Dismissal may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1988).

On a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party. *Usher*, 828 F.2d at 561. Furthermore, the allegations of a pro se complaint, "however inartfully pleaded," should be held "to less stringent standards than formal pleadings drafted by lawyers." *Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (citations omitted). Notwithstanding, a court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802,

810 (9th Cir. 1988). The Court declines to consider any materials submitted outside of the pleadings. Fed.R.Civ.P. 12(b).

## **Discussion**

### **I.     Fed. R. Civ. P.  8(a)**

Pursuant to the Federal Rules of Civil Procedure, a complaint must set forth "a short plain statement" of the grounds upon which the federal court's jurisdiction is based. Fed. R. Civ. P. 8(a). Plaintiff failed to meet the bare requirement of a "short and plain statement" of the court's jurisdiction, nor did Plaintiff provide any facts to allow Defendant or the Court to infer the jurisdictional basis.  Fed. R. Civ. 8(a).

Further, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Under the Federal Rules' notice pleading standard, the pleadings must give fair notice of the pleader's claim so that opposing parties can respond, undertake discovery, and prepare for trial. *See Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Pillsbury, Madison & Sutro v. Lerner,* 31 F.3d 924, 928 (9th Cir. 1994). Despite the fact that as a pro se litigant, Plaintiff's allegations, "however inartfully pleaded," should be held "to less stringent standards than formal pleadings drafted by lawyers," *Jones,* 733 F.2d at 649, they are still nonetheless bound by a minimum threshold of the rules. *Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). The body of Plaintiff's Complaint provides:

> EXTRAORDINARY WRIT
> I AM BLOWING THE WHISTLE ON THE CLERK'S OFFICE, OFFICE OF THE CLERK, FO[R] THE SANDRA DAY O'CONNOR, UNITED STATES COURTHOUSE, PHOENIX, AZ. HOLDING PREJUDICE AGAINST, VIOLATION OF RIGHT TO PRIVACY, DISRESPECTED MY INDIGENT, PRO SE, AND DISABLED VETERAN STATUS AND CLAIMS. ON CITY OF PHOENIX, AND REDDI-SERVICES COMPLAINTS.

(Doc.1).

Based on these allegations alone, Plaintiff seeks damages, court costs, attorney fees, past and future monetary losses, mental suffering, and punitive damages. However, the above referenced language unequivocally fails to provide Defendant with any notice of any claim filed against it. Consequently, Defendant's Motion to Dismiss is **GRANTED** pursuant to Fed. R. Civ. P. 8(a).

## II.     Fed. R. Civ. P.  12(b)(6)

Dismissal under Rule 12(b)(6) is proper where there is "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

The Plaintiff's aforementioned conclusory allegations, even if taken as true, would not entitle Plaintiff to any form of relief against Defendant. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336 (9th Cir. 1996) (in resolving a 12(b)(6) motion, the court must accept all well-pleaded factual allegations as true). The most fundamental requirement of the Federal Rules is that a pleading afford "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley*, 355 U.S. at 47); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). Even pro se litigants "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). In this case, Plaintiff merely alleges that a wrong has been committed and demands relief. The body of the Complaint does not mention Defendant, let alone provide notice of circumstances which give rise to a viable claim. Notwithstanding the liberal notice pleading requirements set forth in the Federal Rules, Plaintiff's allegations fail to state a claim upon which relief can be granted against TIN and, thus, warrants dismissal pursuant to Rule 12(b)(6). *See Jones v. Community Redevelopment*

*Agency*, 733 F.2d 646, 649-50 (9th Cir. 1984) (dismissing plaintiff pro per's complaint for failure to state a claim upon which relief may be granted).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant TIN's Motion to Dismiss is **GRANTED** and the Complaint is Dismissed without Prejudice.

**IT IS FURTHER ORDERED** that Plaintiff may file an Amended Complaint in accordance with all Federal and Local Rules of Civil Procedure no later than **Friday, November 9, 2007.**

DATED this 22nd day of October, 2007.

_____
Stephen M. McNamee
United States District Judge